UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN BEULAH MORGAN, as an individual,<br><br>        Plaintiff(s),<br><br>vs.<br><br>ONLINE INFORMATION SERVICES, INC.; and DOES 1-10 inclusive,<br><br>        Defendant(s). | Case No.:<br><br>COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL |

Plaintiff ROBIN BEULAH MORGAN (hereafter "Plaintiff") files her Complaint for Damages and Demand for a Jury Trial against Defendants ONLINE INFORMATION SERVICES, INC. and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Defendant is a is a company specializing in credit reporting and debt collection services. Through Online Information Services' Online Rental Exchange, they offer tenant screening and bad debt management solutions for housing properties.

2. On or about January 2023, Plaintiff submitted an application to for a rental property under Exel Property Management ("EPM").

3. In connection with Plaintiff's housing application, EPM procured a background screening report on Plaintiff from Defendant.

4. Defendant disclosed criminal history belonging to another consumer with no middle name match.

5. Specifically, Defendant disclosed the following cases:

    a. Case no: 2022-TRT-001922; a Minor Misdemeanor for Vehicle/Speeding Non Commercial with a guilty disposition from Ohio;

    b. Case no: CF-2011-1711-2; a charge of DUI II, Possession of a Controlled Dangerous Substance/Meth/Schedule 2 with a deferred disposition, and an additional charge of Possession of Drug Paraphernalia with a dismissed disposition from Oklahoma.

6. The aforementioned cases do not belong to Plaintiff. The case bearing case no: 2022-TRT-001922 has no middle name match and has the sex specified as male, when Plaintiff's sex is female.

7. Additionally, the case bearing case no: CF-2011-1711-2 has a middle name stated as "Lynelle" when Plaintiff's middle name is Beulah.

8. Plaintiff has not resided in Ohio or Oklahoma, only in Delaware and New Jersey.

9. Any cursory review of the report prior to disclosure would have alerted Defendant that there was no middle name match and sex match.

10. It is widely known within the industry that the basic starting point of any matching procedure is an exact name.

11. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the **_maximum possible accuracy_** of the information reported. Disclosing

erroneous information and failing to ensure an exact name match is a clear violation of this statute.

12. There have been numerous federal enforcement actions as well as civil actions related to background screening company's failure to use a sufficient number of identifiers to ensure an accurate match.

13. Defendant did not have defined processes to verify the accuracy of the public records information provided.

14. As a direct result of Defendant's lack of adequate matching procedures and failure to verify public records, Plaintiff was denied housing.

15. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the denial of her housing application.

16. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of housing, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC §1331 because the claims because the claims asserted in this civil action arise under the laws of the United States, specifically the FCRA, 15 USC 1681p.

18. Venue lies properly in this district pursuant to 28 USC § 1391 because Defendant regularly transacts business within this district, is otherwise subject to personal jurisdiction in this district, and a substantial part of the events giving rise to the claims occurred in this district and division.

## THE PARTIES

19. Plaintiff is an individual and resident of New Castle, Delaware.

20. Defendant is an investigative consumer reporting agency within the meaning of the Fair Credit Reporting Act ("FCRA" 15 U.S. Code §1681 *et seq*.) 15 U.S. Code §1681(a)(f) and it is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code §1681e.

21. Online Information Services, Inc. is a foreign company registered to do business in North Carolina with the North Carolina Secretary of State. Defendant is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, James A. Blair.

22. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

23. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

24. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FIRST CAUSE OF ACTION
### (15 USC §1681(e)(b) and DOES 1-10)

25. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

26. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

27. Defendant's conduct was willful and/or reckless because it knew that its

failure to ensure an exact name match is insufficient to assure maximum possible accuracy of the criminal history information reported.

28. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

29. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violate FCRA
b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;
c. For interest upon such damages as permitted by law;
d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
e. For the costs of the lawsuit;
f. For injunctive relief as applicable; and
g. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

                                   **JACOBS & CRUMPLAR, P.A.**

By:   */s/ David Crumplar, Esquire*
       David Crumplar, DE #5876
       10 Corporate Circle, Suite 301
       New Castle, DE 19720
       (302) 656-5445
       Davy@jcdelaw.com
       Attorney for Plaintiff

**DHF Law, PC**
Devin Fok (SBN #256599)
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
ainat@devinfoklaw.com
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023

Attorneys for Plaintiff

Dated: June 24, 2024